1   Janelle J. Sahouria (State Bar No. 253699)
    Kelsey F. Morris (State Bar No. 311117)
2   JACKSON LEWIS P.C.
    50 California Street, 9th Floor,
3   San Francisco, California 94111-4615
    Telephone: (415) 394-9400
4   Facsimile: (415) 394-9401
    E-mail: Janelle.Sahouria@jacksonlewis.com
5   E-mail: Kelsey.Morris@jacksonlewis.com

6   Attorneys for Defendant
    ATC HEALTHCARE SERVICES, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SHINELLE AUSTIN, an individual,          Case No. TBD

12              Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                            TO FEDERAL COURT UNDER 28**
13       v.                                  **U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

14  ATC HEALTHCARE SERVICES, LLC, a
    Limited Liability Company; LONE TREE
15  POST ACUTE dba YOLOCARE, a California    Complaint Filed: August 29, 2023
    Corporation, Preetika Doe, an individual, and
16  DOES 1-100, inclusive,

17              Defendants.

18

19          TO THE HONORABLE CLERK OF THE U.S. DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SHINELLE AUSTIN, AND HER

21  ATTORNEYS OF RECORD:

22          **PLEASE TAKE NOTICE** that Defendant ATC HEALTHCARE SERVICES, LLC

23  ("Defendant" or "ATC"), a Georgia corporation with its principal place of business in New

24  York, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and

25  1441 and removes the above-entitled action from the Superior Court of the State of California in

26  and for the County of Contra Costa (the "Superior Court") to the United States District Court for

27  the Northern District of California (the "District Court").

28

The following statement of grounds for removal is submitted pursuant to the provisions of 28 U.S.C. § 1446.

## I.    PRELIMINARY STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441 because it is a civil action between "citizens of different States" and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.    As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.    PLEADINGS AND PROCESS

3.    On August 29, 2023, Plaintiff commenced an action in the Superior Court of California in and for the County of Contra Costa entitled *Shinelle Austin v. ATC Healthcare Services, LLC, et al.*, Case No. C23-02154 ("Complaint").

4.    A true and correct copy of the Complaint is attached hereto as **Exhibit A**. The Complaint alleges the following fourteen causes of action:  (1) Racial Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Harassment on the Basis of Race in violation of FEHA; (3) Failure to Prevent and Failure to Investigate Racial Discrimination and Harassment in violation of FEHA; (4) Retaliation in violation of Labor Code section 1102.5; (5) Retaliation in violation of Labor Code section 6310; (6) Intentional Infliction of Emotional Distress; and (7) Wrongful Termination in Violation of Public Policy.

5.    On September 21, 2023, Plaintiff Served Defendant ATC with a copy of the Summons and Complaint, along with a Notice of Case Management Conference.  (Declaration of Janelle J. Sahouria ["Sahouria Decl."], ¶ 2.)  A true and correct copy of the Proof of Service of Summons and Complaint is attached hereto as **Exhibit B**.  A true and correct copy of the other documents served by Plaintiff with the Complaint and Summons are attached hereto as **Exhibit C**.

6.    According to the Register of Actions for this matter in the Superior Court, no Proofs of Service as to Defendants LONE TREE POST ACUTE dba YOLOCARE ("Yolocare")

or PREETIKA DOE ("Doe") were filed in this matter.  ATC is informed and believes, and on that basis asserts, that Yolocare has not been served in this matter.  (Sahouria Decl., ¶ 3.)  A true and correct copy of the current Register of Actions in the Superior Court is attached hereto as **Exhibit D.**

7.    None of the Defendants have filed an Answer or other responsive pleading in the Superior Court.  (Sahouria Decl., ¶ 4.)

### III.    <u>TIMELINESS OF REMOVAL</u>

8.    A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendant ATC was served via mail on September 21, 2023, this Notice of Removal is timely.  28 U.S.C. § 1446(b).

### IV.    <u>VENUE</u>

9.    Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As stated above, Plaintiff brought this action in the Superior Court in and for Contra Costa County.  Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(b), 1391(a) and 1441(a).

### V.    <u>THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED</u>

10.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  The United States District Court, San Francisco or Oakland Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of Contra Costa shall be assigned to the San Francisco or Oakland Divisions.

11.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant ATC are attached as Exhibits to this Notice.

12.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Contra Costa.  Notice of compliance shall be filed promptly afterwards with this Court.

13.     As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Corporate Disclosure Statements.

## VI.    THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO § 1332(a)

14.     This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1441.

### A.     Diversity of Citizenship

#### i.     Plaintiff and Defendant ATC are citizens of different states.

15.     Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

15.     For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled.  *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.  A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary.  *District of Columbia v. Murphy* (1941) 314 U.S. 441, 455 ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 (noting a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore* (5th Cir. 1954) 213 F.2d 446, 448 ("the place of residence is *prima facie* the domicile"); *Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016)

("Courts within this district have also found that diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary"); *Zavala v. Deutsche Bank Trust Company Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[t]he complaint indicates that Zavala resides in California… In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes" (internal citation omitted)).

16.     Plaintiff was continuously employed by ATC as a Certified Nursing Assistant from April 2022 to February 2023.  (Declaration of Rita Franklin ("Franklin Decl."), ¶ 3.) During her employment, Plaintiff has always been assigned to ATC's facility in Alameda, California.  (Franklin Decl., ¶ 3.)   A review of Plaintiff's human resources, personnel, and payroll records indicate that at all times during her employment, Plaintiff has resided in the County of Contra Costa, City of Antioch.  (Franklin Decl., ¶ 4.)   Additionally, the Complaint states that, at all relevant times, Plaintiff has resided in the County of Los Angeles in the State of California.  (Complaint, ¶ 1.)

17.     A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93. (2010).  A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. *Hertz*, *supra*, 559 U.S. at 80-81.

18.     ATC has been and is a corporation duly created, incorporated, and organized under the laws of the State of Georgia, with its headquarters and principal place of business in the New York.  (Franklin Decl., ¶ 5-7.)

19.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

20.     Accordingly, under 28 U.S.C. § 1332, there is complete diversity between these parties.

      **ii.**     **The presence of an unserved forum defendant does not preclude removal.**

21.     Upon information and belief, Defendant Yolocare operates a facility located in Laguna Niguel, California and is thus a citizen of California.  (Franklin Decl.), ¶ 8.)

22.     Section 1441(b)(2), referred to as the "forum defendant rule," restricts a defendant's ability to remove a case to federal court.  *See* 28 U.S.C. § 1441(b)(2).  "[U]nder the plain language of section 1441(b)(2), a defendant may not remove a case on diversity grounds if any defendant who is a resident of the forum state has been properly joined <u>and</u> <u>served</u>."  *Loewen v. McDonnel*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (emphasis added).

23.     "Snap removal" (*i.e.*, removal to federal court before any forum defendant has been served) avoids the forum defendant rule.  Although district courts within the Ninth Circuit are split on the instant issue, "the Northern District of California has consistently held that a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."  *Loewen*, 2019 WL 2364413, at *7 (citing *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014)).  *See also*, *e.g.*, *Fobb v. Uber Techs., Inc.*, No. 21-CV-07778-HSG, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) (denying motion to remand based on finding that forum defendant rule did not apply based on a plain reading of the statute); *Saratoga Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-CV-04881-RMW, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant rule does not apply"); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written."); *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *10 (N.D. Cal. Mar. 9, 2007) (denying motion to remand as the court was "constrained by the plain language of § 1441(b)"); *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (denying motion to remand and following the "plain text of section 1441(b)"); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (denying motion to remand based on plain

language of section 1441(b)); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (recommending to deny motion to remand and stating that courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly *joined and served.*") (emphasis in original), *report & recommendation adopted*, 2014 WL 12647768 (N.D. Cal. Jan. 31, 2014).

24.     Yolocare has not been served at the time of this removal. (Sahouria Decl., ¶ 3.) Plaintiff filed this Complaint on August 29, 2023, and the Summons was issued by the Superior Court of the County of Contra Costa on the same day.  However, as of the time of removal, ATC is informed and believes, and on that basis asserts, that Yolocare has not been <u>joined *and* served</u>. Thus, removal is permitted under these circumstances.  *Loewen*, 2019 WL 2364413, at *7.  *See also Dechow v. Gilead Scis., Inc.* (C.D. Cal. 2019) 358 F. Supp. 3d 1051, 1055 ("Plaintiffs had the summons available prior to Defendant's removal.  Indeed, Plaintiffs had nearly two weeks to effectuate service before Defendant removed to this Court . . . . [T]he Court adopts the plain language interpretation of § 1441(b)(2) which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction") (emphasis in original).

**B.     <u>Plaintiff's Complaint Places More than $75,000.00 in Controversy.</u>**

25.     Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This action also meets the amount in controversy requirement.

26.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interests and costs.  28 U.S.C. § 1332(a).

27.     In her Complaint, Plaintiff contends her damages exceed $25,000.  *See* **Exhibit A**, Compliant, Prayer for Relief.   These claims may be considered by the Court in determining jurisdictional amount.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

28.     If a plaintiff contests a defendant's allegations, the defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins., 269 F.3d 1316, 1319* (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessment removal jurisdiction).

29.    In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated").

30.    Plaintiff also claims that she is entitled to attorneys' fees. *See* **Exhibit A**, Prayer for Relief, ⁋ 7. Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc*., 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint is seeking to recover its attorneys' fees and costs, which will certainly exceed $75,000 after trial. Even if the Court only considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Moreover, attorneys' fees awards in employment matters often well exceed $75,000.00. *See, e.g. Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 430-31 (2007) (upholding attorneys' fee award of $978,791 for discrimination/retaliation case that went to trial).

31.    Based on the foregoing, and without conceding that Plaintiff is entitled to the damages it seeks, the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and costs, thereby satisfying the jurisdictional amount.

1

## VII.    <u>CONCLUSION</u>

For the reasons set forth above, Defendant ATC maintains that this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b).   The action is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.   Further, removal is permitted in this jurisdiction before proper service is effectuated on the forum defendant.  Here, forum defendant Yolocare has not been served as of the time of this removal.  As such, removal is permitted under these circumstances.


Dated: October 9, 2023                                    JACKSON LEWIS P.C.


                                                        By:    /s/ Janelle J. Sahouria
                                                        Janelle J. Sahouria
                                                        Kelsey F. Morris
                                                        Attorneys for Defendant
                                                        ATC HEALTHCARE SERVICES, LLC

4870-7181-4788, v. 1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ATC HEALTHCARE SERVICES LLC, a Limited Liability Company; LONE TREE POST ACUTE
dba YOLOCARE, a California Corporation, Preetika Doe, an individual, and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHINELLE AUSTIN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa, Hayward Hall of Justice; 24405 Amador Street, Hayward , CA 94544

CASE NUMBER: *(Número del Caso):*
C23-02154

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen Hakobyan; 11846 VENTURA BLVD., STE 100, STUDIO CITY, CA 91604; (213) 493-6300

| DATE: 8/29/2023 2:36 PM *(Fecha)* | Clerk, by *(Secretario)* | /s/ N. McCallister-Vila | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ATC HEALTHCARE SERVICES LLC, a Limited Liability Company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | | Clear this form |

W. Zev Abramson, Esq. #289387
Christina Begakis, Esq. #316779
Karen Hakobyan, Esq. #334282
**ABRAMSON LABOR GROUP**
11846 Ventura Blvd., Ste. 100
Studio City, CA 91604
Tel:    (213) 493-6300
Fax:    (213) 382-4083

Per local Rule, This case is assigned to
Judge Devine, John P, for all purposes.

Attorneys for Plaintiff
SHINELLE AUSTIN

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| SHINELLE AUSTIN, an individual,<br><br>Plaintiff<br><br>vs.<br><br>ATC HEALTHCARE SERVICES LLC, a Limited Liability Company; LONE TREE POST ACUTE dba YOLOCARE, a California Corporation, Preetika Doe, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:C23-02154<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Racial Discrimination in Violation of FEHA<br>2. Harassment on the Basis of Race<br>3. Failure to Prevent and Failure to Investigate Racial Discrimination<br>4. Retaliation in Violation of California Labor Code § 1102.5<br>5. Retaliation in Violation of California Labor Code § 6310<br>6. Intentional Infliction of Emotional Distress<br>7. Wrongful Constructive Termination in Violation of Public Policy<br><br>Over $25,000 |

PLAINTIFF complains and alleges as follows:

    1.    On information and belief, Plaintiff SHINELLE AUSTIN ("hereinafter "Plaintiff")

was a resident of the County of Los Angeles, State of California, at all relevant times.

1      2.      At all relevant times, Defendant, ATC HEALTHCARE SERVICES LLC
2 (hereinafter "ATC") was a limited liability company authorized to operate and do business under
3 the laws of the State of California at California at 460 Boulevard Way Piedmont, CA 94610.

4      3.      At all relevant times, Defendant, LONE TREE POST ACUTE dba
5 YOLOCARE (hereinafter "LONE TREE") was a corporation authorized to operate and do
6 business under the laws of the State of California, with its principal place of business and
7 headquarters at 28202 Cabot Road Suite 620 Laguna Niguel, CA 92677.

8      4.      At all times mentioned herein, upon information and belief, Defendant
9 PREETIKA DOE (hereinafter referred to as "Preetika" and collectively with all other Defendants
10 as "Defendants") is a resident of the State of California and was a Manager, Supervisor,
11 Managing Agent, and/or Employee of Defendant LONE TREE. Plaintiff is ignorant of the true
12 last name of Defendant PREETIKA DOE, so Plaintiff sues her by this fictitious name.

13     5.      At all times herein mentioned, Plaintiff was jointly employed by Defendants ATC
14 and LONE TREE as a Certified Nursing Assistant from approximately April 28, 2022, to
15 February 2, 2023.

16     6.      Plaintiff is informed and believes and thereon alleges that Defendants ATC and
17 LONE TREE were joint employers (hereinafter "Joint Employers") within the meaning of
18 California Law and that they shared control of Plaintiff as an employee, either directly or
19 indirectly, from approximately April 28, 2022, to February 2, 2023.

20     7.      Plaintiff is informed and believes and thereon alleges that, at all times herein
21 mentioned between approximately April 28, 2022, to February 2, 2023, Defendant ATC was
22 Plaintiff's employer or joint employer because Defendant ATC exercised the requisite amount of
23 control over Plaintiff's compensation, hours, terms of employment, hiring and firing.

24     8.      Plaintiff is informed and believes and thereon alleges that, at all times herein
25 mentioned between approximately April 28, 2022, to February 2, 2023, Defendant LONE TREE
26 was Plaintiff's employer or joint employer because Defendant LONE TREE exercised the
27 requisite amount of control over Plaintiff's compensation, hours, terms of employment, hiring
28 and firing.

1      9.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

2  or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff

3  sues them by these fictitious names. Plaintiff is informed and believes that each of the DOE

4  Defendants reside in the State of California and is in some manner responsible for the conduct

5  alleged herein. Upon discovering the true names and capacities of these fictitiously named

6  Defendants, Plaintiff will amend this complaint to show the true names and capacities of these

7  fictitiously named Defendants.

8      10.    Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis

9  of that information and belief allege that at all times herein mentioned, each of the remaining co-

10  Defendant, in doing the things hereinafter alleged, was acting within the course, scope and under

11  the authority of his/her agency, employment, or representative capacity, with the consent of her/his

12  co-Defendant.

13      11.    4. On July 5, 2023, Plaintiff filed a complaint with the Department of Fair

14  Employment and Housing ("DFEH").

15      12.    5. On July 5, 2023, the DFEH issued Plaintiff a "Right to Sue Notice.

16      13.    At all times herein mentioned, Plaintiff was and is an African American woman.

17      14.    Plaintiff was employed by Defendants as a certified nursing assistant beginning

18  on or about April 28, 2022.

19      15.    Throughout Plaintiff's employment for Defendants, Plaintiff suffered from racial

20  discrimination in her workplace and worked in unsafe working conditions.

21      16.    Specifically, Plaintiff's patients physically and verbally assaulted Plaintiff

22  because of her race.

23      17.    Plaintiff's patient called her, "n*gger," "b*tch" and other derogatory names.

24      18.    Plaintiff's patient verbally threatened to kill Plaintiff.

25      19.    Plaintiff's patient physically assaulted Plaintiff, causing Plaintiff to sustain

26  physical injuries, including but not limited to bruises and scratches.

27      20.    Plaintiff was assigned to work with Covid-19 positive patients but was not told

28  the patients were Covid-19 until the end of her shift.

1    21.    Covid-19 positive and Covid-19 negative patients shared the same rooms.

2    22.    The ratio of certified nursing assistant and patient frequently reached unsafe

3    levels.

4    23.    Plaintiff reported the unsafe working conditions and ongoing harassment and to

5    Lone Tree's scheduling manager Preetika, who replied that the patient was "like that" to all the

6    "people of color." No actions were ever taken by Lone Tree to investigate or prevent the

7    discriminatory and harassing conduct.

8    24.    Plaintiff also reported the ongoing harassment to Roland at ATC. Likewise, no

9    actions were ever taken by ATC to investigate or prevent discriminatory and harassing conduct.

10    25.    Based on Defendants' failure to prevent the ongoing discrimination and harassment

11    from occurring, Plaintiff was left with no choice but to resign her employment on or about

12    February 2, 2023.

13    26.    As a result of being subjected to discrimination, harassment, unsafe working

14    conditions and wrongful termination by Defendants, Plaintiff suffered significant emotional

15    injuries.

16    27.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

17    suffered and continues to suffer from losses of earnings and otherwise in amounts as yet

18    unascertained but subject to proof at trial.

19                                First Cause of Action

20                **RACIAL DISCRIMINATION IN VIOLATION OF FEHA**

21            **(Against Defendants ATC, Lone Tree & DOES 1 Through 100)**

22    28.    Plaintiff hereby incorporates by reference Paragraphs 1-27 of this Complaint as if

23    fully set forth herein, and for a cause of action alleges as follows:

24    29.    At all times herein mentioned, Plaintiff was a member of a protected class, in that

25    she is an African American woman.

26    30.    At all times herein mentioned, FEHA, Government Code section 12940, et seq.,

27    was in full force and effect and was binding on defendants. This statute requires defendants to

28

1 | refrain from discriminating against any employee because of the employee's race, ancestry,
2 | ethnicity, and/or national origin.

3 |   31. Plaintiff's race and/or other characteristics protected by FEHA, Government Code
4 | section 12900, et seq., were substantial motivating reasons in defendants' decision to take adverse
5 | employment actions against plaintiff such as permitting ongoing harassment without intervention
6 | or investigation.

7 |   32. As a proximate result of defendants' willful, knowing, and intentional
8 | discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses
9 | of earnings and other employment benefits.

10 |   33. As a proximate result of defendants' willful, knowing, and intentional
11 | discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation,
12 | emotional distress, and mental and physical pain and anguish, all to his damage in a sum according
13 | to proof.

14 |   34. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
15 | Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable
16 | attorneys' fees and costs (including expert costs) in an amount according to proof.

17 |   35. Defendants' discrimination was committed intentionally, in a malicious,
18 | fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against
19 | defendants.

20 | Second Cause of Action

21 | **HARASSMENT ON THE BASIS OF RACE IN VIOLATION OF FEHA**
22 | **(GOVERNMENT CODE § 12900, ET SEQ.)**

23 | **(Against Defendants ATC, Lone Tree & DOES 1 Through 100)**

24 |   36. Plaintiff hereby incorporates by reference Paragraphs 1-35 of this Complaint as if
25 | fully set forth herein, and for a cause of action alleges as follows:

26 |   37. At all times herein mentioned, FEHA, Government Code section 12940, et seq.,
27 | was in full force and effect and was binding on defendants. This statute requires defendants to
28 |

1  refrain from harassing any employee because of the employee's race, ancestry, ethnicity, and/or
2  national origin.

3     38.   As described in detail above, Plaintiff was subjected to harassing conduct through
4  a hostile work environment by her supervisors and patients, in whole or in part on the basis of
5  plaintiff's race, ancestry, ethnicity, national origin, and/or other protected characteristics, in
6  violation of Government Code sections 12940(j) and 12923.

7     39.   Pursuant to Government Code section 12923(b), a single incident of harassing
8  conduct is sufficient to create a hostile work environment if the harassing conduct has
9  unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or
10  offensive working environment.

11     40.   As a proximate result of defendants' willful, knowing, and intentional harassment
12  of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other
13  employment benefits.

14     41.   As a proximate result of defendants' willful, knowing, and intentional harassment
15  of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and
16  mental and physical pain and anguish, all to his damage in a sum according to proof.

17     42.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
18  Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable
19  attorneys' fees and costs (including expert costs) in an amount according to proof.

20     43.   Defendants' harassment was committed intentionally, in a malicious, fraudulent,
21  and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

22                              Third Cause of Action

23     **FAILURE TO PREVENT AND FAILURE TO INVESTIGATE RACIAL**

24                **DISCRIMINATION AND HARASSMENT**

25         **(Against Defendants ATC, Lone Tree & DOES 1 Through 100)**

26     44.   Plaintiff hereby incorporates by reference Paragraphs 1-43 of this Complaint as if
27  fully set forth herein, and for a cause of action alleges as follows:

28

45.    At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

46.    During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being harassed and/or treated less favorably because of plaintiff's race.

47.    As described in detail above, Plaintiff believes that she was subjected to discrimination, harassment and retaliation because of her race.

48.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continue to sustain substantial losses of earnings and other employment benefits.

49.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

50.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

51.    Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, entitling plaintiffs to punitive damages against defendants.

Fourth Cause of Action

**RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5**

**(Against Defendants ATC, Lone Tree & DOES 1 Through 100)**

52.    Plaintiff re-alleges the information set forth in Paragraphs 1-51 as though fully set forth and alleged herein.

53.    California Labor Code Section 1102.5(b) states: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose

1  information, to a government or law enforcement agency, to a person with authority over the
2  employee or another employee who has the authority to investigate, discover, or correct the
3  violation or noncompliance, or for providing information to, or testifying before, any public body
4  conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe
5  that the information discloses a violation of state or federal statute, or a violation of or
6  noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing
7  the information is part of the employee's job duties."

8      54.    Plaintiff is informed and believes that she made good faith complaints regarding
9  violations of the California Fair Housing and Employment Act and the California Health and
10  Safety Code at her workplace for Defendant, including that she was harassed and assaulted on a
11  continuing basis by her patient.

12      55.    Plaintiff is informed, believes, and based thereon, alleges that Defendant
13  constructively and wrongfully terminated Plaintiff in violation of California Labor Code Section
14  1102.5(b) by retaliating against her and constructively and wrongfully terminating her because of
15  her complaints of unsafe working conditions as alleged herein.

16      56.    Plaintiff is informed, believes, and based thereon, alleges that Defendant
17  constructively and wrongfully terminated Plaintiff for complaining about Defendant's violation
18  of all other state and federal statutes, regulations, administrative orders, and ordinances which
19  effect society at large and which discovery will reveal were violated by Defendant. Moreover,
20  Defendant violated the law by constructively and wrongfully terminating and retaliating against
21  Plaintiff for opposing Defendant's conduct in violation of those statutes and laws and also for
22  constructively and wrongfully terminating Plaintiff in violation of the statutes described in the
23  above paragraphs.

24      57.    Plaintiff alleges that Defendant violated public policies affecting society at large,
25  by violating the laws and statutes, as described in the above paragraphs, and by retaliating
26  against Plaintiff and terminating her for complaining of that which Plaintiff reasonably believed
27  constituted violations of law.

28

1    58.    As a direct, foreseeable, and proximate result of the actions of Defendant,

2    Plaintiff has suffered, and continues to suffer, severe emotional distress, medical expenses, loss

3    of earnings and benefits, plus expenses incurred in obtaining substitute employment and not

4    being regularly employed, all to Plaintiff's damage, in a sum within the jurisdiction of this court,

5    to be ascertained according to proof.

6    59.    As a result of the grossly reckless and/or intentional, malicious, and bad faith

7    manner in which Defendant conducted itself as described in this cause of action by willfully

8    violating those statutes enumerated herein, Plaintiff is entitled to punitive damages against

9    defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder,

10    that is sufficiently large to punish Defendant, to deter it from engaging in such conduct again,

11    and to make an example of it to others.

12    60.    Plaintiff is informed, believes, and based thereon, alleges that outrageous conduct of

13    Defendant as described above, in this cause of action, was done with oppression, and malice, by

14    Plaintiff's supervisors and managers and was ratified by those other individuals who were

15    managing agents of Defendant.  Furthermore, these unlawful acts were ratified by the Defendant

16    and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose

17    of injuring Plaintiff.  Therefore, Plaintiff is entitled to punitive or exemplary damages from

18    Defendant for its acts as described in this cause of action in a sum to be determined at the time of

19    trial.

20                                    Fifth Cause of Action

21    **RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 6310**

22    **As Against Defendants IGS and DOES 1-100 Only**

23    61.    Plaintiff hereby incorporates by reference Paragraphs 1-60 of this Complaint as if

24    fully set forth herein, and for a cause of action alleges as follows:

25    62.    Labor Code section 6400 requires every employer to provide a place of

26    employment that is safe and healthy for employees.

27    63.    California Labor Code § 6310 provides that an employee who suffers retaliation or

28    discrimination for making a bona fide complaint concerning unsafe working conditions may bring

an action against the employer. Prohibited retaliation includes discharge, threatened discharge, demotion, suspension or refusing to renew an employment contract. Remedies include reinstatement and back pay.

64.    Plaintiff reported unsafe working conditions, including that a patient was physically attacking her on a continuing basis.

65.    Plaintiff is informed, believes, and based thereon, alleges that Defendant retaliated and constructively and wrongfully terminated Plaintiff in violation of California Labor Code Section 6399.7 by failing to address her reports of the unsafe working conditions as alleged herein.

66.    Plaintiff is informed, believes, and based thereon, alleges that Defendant constructively and wrongfully terminated Plaintiff for complaining about Defendant's violation of all other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large and which discovery will reveal were violated by Defendant. Moreover, Defendant violated the law by constructively and wrongfully terminating and retaliating against Plaintiff for opposing Defendant's conduct in violation of those statutes and laws and also for constructively and wrongfully terminating Plaintiff in violation of the statutes described in the above paragraphs.

67.    Plaintiff alleges that Defendant violated public policies affecting society at large, by violating the laws and statutes, as described in the above paragraphs, and by retaliating against Plaintiff and terminating her for complaining of that which Plaintiff reasonably believed constituted violations of law.

68.    As a direct, foreseeable, and proximate result of the actions of Defendant, Plaintiff has suffered, and continues to suffer, severe emotional distress, medical expenses, loss of earnings and benefits, plus expenses incurred in obtaining substitute employment and not being regularly employed, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

69.    As a result of the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendant conducted itself as described in this cause of action by willfully

1 violating those statutes enumerated herein, Plaintiff is entitled to punitive damages against

2 Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder,

3 that is sufficiently large to punish Defendant, to deter it from engaging in such conduct again,

4 and to make an example of it to others.

5       70.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous

6 conduct of Defendant as described above, in this cause of action, was done with oppression, and

7 malice, by Plaintiff's supervisors and managers and was ratified by those other individuals who

8 were managing agents of Defendant.  Furthermore, these unlawful acts were ratified by the

9 Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design

10 and purpose of injuring Plaintiff.  Therefore, Plaintiff is entitled to punitive or exemplary

11 damages from Defendant for its acts as described in this cause of action in a sum to be

12 determined at the time of trial.

13 Sixth Cause of Action

14 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

15 **(Against all Defendants)**

16       71.    Plaintiff hereby incorporates by reference Paragraphs 1-70 of this Complaint as if

17 fully set forth herein, and for a cause of action alleges as follows:

18       72.    By committing the above referenced actions, Defendants intentionally and/or

19 recklessly acted in an extreme and outrageous manner that they knew or should have known

20 would subject plaintiff to severe emotional distress.

21       73.    As a direct, foreseeable, and proximate result of defendants' actions alleged

22 herein, plaintiff has suffered emotional distress and has or will incur medical expenses in a sum

23 within the jurisdiction of this court, to be ascertained according to proof.

24       74.    Defendant's conduct was a substantial factor in causing Plaintiff's severe

25 emotional distress.

26       75.    Defendants' actions alleged herein were intentional, malicious, oppressive, and in

27 bad faith, were done in an attempt to vex, injure, and annoy plaintiff, and/or were done with

28 willful and conscious disregard of plaintiff's rights as alleged in this cause of action. Therefore,

1  plaintiff is entitled to punitive damages against defendants in an amount within the jurisdiction of
2  this court, to be ascertained by the finder of fact, that is sufficiently large to punish defendants, to
3  deter them from engaging in such conduct again, and to make an example of them to others.

4      76.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous
5  conduct of defendants described above was done with oppression and malice by plaintiff's
6  supervisors and managers and was ratified by those other individuals who were managing agents
7  of the plaintiff's employer. Furthermore, these unlawful acts were ratified by defendants and
8  done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of
9  injuring plaintiff. Therefore, plaintiff is entitled to punitive or exemplary damages from
10  defendants for their acts as described in this cause of action in a sum to be determined at the time
11  of trial.

12                              Fifth Cause of Action

13      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

14           **(Against Defendants ATC, Lone Tree & DOES 1 Through 100)**

15      77.     Plaintiff hereby incorporates by reference Paragraphs 1-76 of this Complaint as if
16  fully set forth herein, and for a cause of action alleges as follows:

17      78.     Plaintiff's employment was wrongfully terminated, in violation of substantial and
18  fundamental public policies of the State of California that inures to the benefit of the public, with
19  respect to retaliation, and adverse employment actions taken against Plaintiff, all in violation of
20  various state statutes including but not limited to violations of California's Labor Code, the
21  California Constitution, the Fair Employment and Housing Act, among others.

22      79.     As a result of their employment relationship, Defendant was obligated to restrain
23  from discharging Plaintiff for reasons which violate or circumvent said policy, law, or the
24  objectives that underlie each and not to compound their illegal conduct by retaliating against
25  Plaintiff.

26      80.     On or about February 2, 2023, Plaintiff was constructively discharged from her
27  employment, in that any reasonable person in Plaintiff's position subject to Defendants' actions
28  would have resigned or quit her employment, as Plaintiff was compelled to do.

1    81.    Defendants' acts by, among other things, failing to investigate and prevent the

2    racial harassment committed against Plaintiff and creating a hostile and unsafe work

3    environment for Plaintiff were willful, intentional, malicious, and showed a reckless disregard

4    for the rights of Plaintiff.

5    82.    Defendants had actual knowledge of the intolerable conditions caused by the acts

6    described herein and failed to take any steps to end those conditions for the purpose of causing

7    Plaintiff's resignation. Furthermore, Defendants knew or should have known that Plaintiff would

8    resign as a result of Defendants' actions.

9    83.    As a direct and proximate result of Defendant's willful, knowing, and intentional

10    actions as discussed herein, Plaintiff has sustained and continues to sustain substantial losses in

11    earnings and other employment benefits.

12    84.    As a direct, foreseeable, and proximate result of the conduct of Defendants,

13    Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job

14    benefits, and other employment benefits which she would have received from Defendants, plus

15    expenses incurred in obtaining substitute employment and not being regularly employed all to

16    her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

17    85.    The damages herein exceed $25,000.00 and Plaintiff requests a jury trial.

18    **WHEREFORE**, Plaintiff prays for the following relief:

19    1. For general damages in an amount according to proof, but in excess of the minimum

20    jurisdiction of this court;

21    2. For special damages in an amount according to proof for Plaintiff's loss of past and

22    future earnings, loss of job security and all damages flowing therefrom;

23    3. For all general and special damages to compensate Plaintiff for any medical expenses

24    and suffering and related damages;

25    4. For punitive damages, as allowed by law, that will sufficiently punish, make an

26    example of, and deter future conduct by Defendants;

27    5. For all interest as allowed by law;

28    6. For all costs and disbursements incurred in this suit;

7. For attorneys' fees;

8. For such other and further relief as the Court deems just and proper.

DATED: August 29, 2023            **ABRAMSON LABOR GROUP**

By: _____

        Karen Hakobyan, Esq.
        Attorneys for Plaintiff,
        SHINELLE AUSTIN

# EXHIBIT B

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Karen Hakobyan  SBN 334282** <br> **Abramson Labor Group** <br> **11846 ventura blvd 100** <br> **Studio City, CA 91604** <br><br> TELEPHONE NO.:  **(213) 715-6990**       FAX NO. *(Optional):* <br><br> E-MAIL ADDRESS *(Optional):* **karen@abramsonlabor.com** <br> ATTORNEY FOR *(Name):*     **Plaintiff** | |

| STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE <br> BRANCH NAME:  :      SUPERIOR COURT – MARTINEZ <br> 725 COURT ST. P.O. BOX 911 <br> MARTINEZ, CA 94553 | |
|---|---|

| PLAINTIFF/PETITIONER:  SHINELLE AUSTIN <br> DEFENDANT/RESPONDENT:  ATC HEALTHCARE SERVICES LLC | CASE NUMBER: <br> C23-02154 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> 239803 |

(Separate proof of service is required for each party served.)

1.     At the time of service I was at least 18 years of age and not a party to this action.

2.     I served copies of:  ***Complaint; Civil Case Cover Sheet; Summons; Notice of Case Management Conference***

3.     a. Party served *(specify name of party as shown on documents served):* ***ATC HEALTHCARE SERVICES LLC, a Limited Liability Company***

     b.  [ x ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

        **By Serving David Savitsky/CEO, Agent for Service**

4.     Address where the party was served: ***360 N Pacific Coast Hwy suite 2000 El Segundo, CA 90245***

5.     I served the party *(check proper box)*

     a.  [   ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on:  (2) at:

     b.  [ x ]  **by substituted service.** On: **9/15/2023** at: **12:50 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
        **Jane Doe  (Gender: F Age: 30 Height: 5'6 Weight: 110 Race: White  Hair: Black  Other: )**
        **Secretary**

        (1)  [ x ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [   ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
        [   ]  the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
         *on:*          from:          **or** [ x ] a declaration of mailing is attached.

Page 1 of 2

POS-010 [Rev. January 1, 2007]       **PROOF OF SERVICE OF SUMMONS**       **Invoice # 8212084-01**

| PLAINTIFF/PETITIONER: SHINELLE AUSTIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ATC HEALTHCARE SERVICES LLC | C23-02154 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:                                              (2) from:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (*specify means of service and authorizing code section*):

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (*specify*):

c. ☐ as occupant.

d. ☒ On behalf of (*specify*): **ATC HEALTHCARE SERVICES LLC, a Limited Liability Company** under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☒ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7. **Person who served papers**
   a. Name: **Hector Flores**
   b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
   c. Telephone number: **213-628-6338**
   d. **The fee** for service was: **$80.00**
   e. I am:

   (1) ☐ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☒ a registered California process server:

      (i) ☐ owner    ☐ employee    ☒ independent contractor.
      (ii) Registration No.: **2022066553**
      (iii) County: **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶ *Hector Flores*

**Hector Flores**          Date: **09/21/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Karen Hakobyan SBN 334282**<br>**Abramson Labor Group**<br>**11846 ventura blvd 100**<br>**Studio City, CA 91604**<br>ATTORNEY FOR **Plaintiff** | **(213) 715-6990** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - HAYWARD
24405 Amador St.
Hayward, CA 94544

SHORT TITLE OF CASE:
AUSTIN, SHINELLE v. ATC HEALTHCARE SERVICES LLC

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>C23-02154 |
|---|---|---|---|
| **Proof of Service by Mail** | | | Ref. No. or File No:<br>239803 |

I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

On **09/18/2023** after substituted service under section C.C.P. 415.20(a), 415.20(b), or 415.95(a) was made, I served the within:

*Complaint; Civil Case Cover Sheet; Summons; Notice of Case Management Conference*

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: **Monterey Park**, California, addressed as follows:
**ATC HEALTHCARE SERVICES LLC, a Limited Liability Company**
**360 N Pacific Coast Hwy suite 2000 El Segundo, CA 90245**

Mailing completed by:

a. Name: **Margarita Abeshyan**
b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
c. Telephone number: **213-628-6338**
d. **The fee** for this service was: **80.00**
e. I am:
(3) [X] a registered California process server:
    (i) [X] **Employee**
    (ii) Registration No.: **6700**
    (iii) County: **Los Angeles**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**Margarita Abeshyan**                    Date: **09/21/2023**

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
KAREN HAKOBYAN, ESQ.
11846 VENTURA BLVD., STE 100; STUDIO CITY, CA 91604

TELEPHONE NO.: (213) 493-6300    FAX NO. *(Optional):* (213) 382-4083
E-MAIL ADDRESS: karen@abramsonlabor.com
ATTORNEY FOR *(Name):* SHINELLE AUSTIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
AUSTIN vs. ATC HEALTHCARE SERVICES LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C23-02154 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) — [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

Electronically Filed by
Superior Court of California
County of Contra Costa
8/29/2023 2:36 PM
By: N. McCallister-Vila, Deputy

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 29, 2023
KAREN HAKOBYAN, ESQ.
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| SHINELLE AUSTIN VS. ATC HEALTHCARE SERVICES LLC | C23-02154 |

1. NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE:<br>12/26/2023 | HEARING TIME:<br>8:30 AM | HEARING LOCATION:<br>DEPARTMENT 09<br>725 COURT ST  RM 305  MARTINEZ, CA 94553 |
|---|---|---|

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3. YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4. AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:

   a) AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
   b) AN ORDER REFERRING THE CASE TO ARBITRATION
   c) AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
   d) AN ORDER DISMISSING FICTITIOUS DEFENDANTS
   e) AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
   f) AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
   g) AN ORDER CONSOLIDATING CASES
   h) AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
   i) AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CALIFORNIA AS INDICATED ABOVE.

DATE:    8/30/2023                              BY:  _____

N. MCCALLISTER-VILA, DEPUTY CLERK

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR
CASE NUMBER: C23-02154 ON 8/30/2023:

KAREN HAKOBYAN
11846 VENTURA BOULEVARD
SUITE 100
STUDIO CITY CA  91604

# EXHIBIT D

## Case Information

C23-02154 | SHINELLE AUSTIN vs. ATC HEALTHCARE SERVICES LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| C23-02154 | CV - Martinez-Wakefield Taylor Courthouse | Devine, John P |

| File Date | Case Type | Case Status |
|---|---|---|
| 08/29/2023 | 15: Unlimited Other Employment-eFile | Active |

## Party

**Plaintiff/Petitioner**
AUSTIN, SHINELLE

Active Attorneys ▾
Lead Attorney
HAKOBYAN, KAREN
Retained

**Defendant/Respondent**
ATC HEALTHCARE SERVICES LLC

**Defendant/Respondent**
LONE TREE POST ACUTE

**Defendant/Respondent**
Doe, Preetika

**Defendant/Respondent**
DOES 1-100, inclusive

## Events and Hearings

| |
|---|
| 08/29/2023 Fee Paid |

| |
|---|
| 08/29/2023 Initial Complaint Filed ▾ |
| Initial Complaint Filed |

| |
|---|
| 08/29/2023 Civil Case Cover Sheet ▾ |
| Civil Case Cover Sheet |

| |
|---|
| 08/29/2023 Original Summons Issued/Filed ▾ |
| Original Summons Issued/Filed |

| |
|---|
| 08/29/2023 Service of Complaint and Summons ▾ |
| Requested By |
| AUSTIN, SHINELLE |
| Served |
| 09/21/2023 |
| Unserved |
| Unserved |

| |
|---|
| 09/25/2023 Proof of Service of Summons ▾ |
| Proof of Service of Summons |
| Comment |
| sub served and mailed on 09/21/23 to ATC Healthcare Services LLC |

| |
|---|
| 12/26/2023 *Case Management Conference ▾ |
| CMC Notice - Fast Track |
| Judicial Officer |
| Devine, John P |
| Hearing Time |
| 8:30 AM |

## Documents

Initial Complaint Filed

Civil Case Cover Sheet

Original Summons Issued/Filed

CMC Notice - Fast Track

Proof of Service of Summons